## Mills *v.* Conner.

A supersedeas bond must be executed in the clerk's office of the Supreme Court, or of the Court below.

A writ of error will not be quashed because no bail is put in.

ERROR to the *Dearborn* Circuit Court.—The defendant in error moved the Court to quash the writ of *supersedeas,* and also the writ of *error,* issued in this case, on the ground, that the supersedeas bond was not shown to have been executed in the clerk's office of this Court, nor of the Court below.

*Friday,
December 5.*

Blackford, J.—So far as respects the objection to the writ of *error,* we have heard no good reason to support the motion. The time when, or the place where, the bond was executed, or whether it was ever executed at all, are matters of indifference as to this part of the application.

As to the writ of *supersedeas,* the motion must be sustained, because it does not appear to the Court, that the bond has been executed in the clerk's office, according to the directions of the statute.  Ind. Stat. 1816, p. 7, 8 (1).

*Per Curiam.*—The writ of *supersedeas,* issued in this case, is quashed, with costs.

*Kidder,* and *Lane,* for the plaintiff.

*Stevens,* for the defendant.

(1)  The only effect of not putting in bail is that execution may issue.  The writ of error can still be prosecuted.  1 Arch. Pr. 224.  For the steps necessary to be taken before a writ of error will operate as a supersedeas, vide Ind. Stat. 1823, p. 132.—12th rule Sup. Court.  To render a writ of error a *supersedeas,* two things are requisite: 1. the allowance; 2. putting in bail.  In *England,* writs of error are often taken out and allowed, before final judgment; in that case, the plaintiff has four clear days after judgment signed, to put in bail. When sued out after judgment, he has four clear days for putting in bail, after allowance.  *Gravall* v. *Stimpson,* 1 Bos. and Pull. 478.  The plaintiff may issue execution *after* the allowance of a writ of error, but it is at his peril, for if bail be afterwards regularly put in, the execution will be set aside.  1 Arch. Pr. 219.—*Lane* v. *Bacchus,* 2 T. R. 44.—*Brisban* v. *Caines,* 11 Johns. Rep. 197.—

Dec. Term,
1817.

Mills
v.
Conner.

*Blunt* v. *Greenwood*, 1 Cowen's Rep. 15. A writ of error operates as a superse-deas, not from the *sealing*, but from the allowance, that is, from the *delivery* of the writ to the clerk of the errors, who is clerk of the chief justice of the Court below. *Meriton* v. *Stephens*, Willes' Rep. 271, where all the old cases are cited and commented on. *Sykes* v. *Dawson*, Barnes, 209.—*Gravall* v. *Stimpson*, note, supra. By act of congress of 1789, the writ of error is a supersedeas only in cases where it is served, by a copy being lodged for the adverse party, in the clerk's office in the Court below, within ten days after judgment. 2 L. U. S. 56, 65.—*Wood* v. *Lide*, 4 Cranch, 180.—*Catlett* v. *Brodie*, 9 Wheat. 553. In *Ind.* we have no statutory provision on the subject, nor any rule or decision of the Court; it is not probable, however, that the writ would be considered a supersedeas, before its *delivery* to the clerk of the Court below. In *N. Y.*, the filing the writ of error with the clerk of the Court to which it is directed, and his entering the receipt of it, is an *allowance*, and stays execution, if bail be put in. *Van Antwerp* v. *Newman*, 4 Cowen's Rep. 82.

  Although the execution may be in the hands of the sheriff, yet if *before levy*, a writ of error be allowed, it is a *supersedeas;* and if the sheriff, without notice of the allowance, afterwards levy the execution, it will be set aside on motion, and the goods, or their proceeds if sold, restored to the defendant. *Meagher* v. *Vandyck*, 2 Bos. and Pull. 370.—*Hawkins* v. *Jones*, 5 Taunt. 204. Where the levy is *after allowance*, and before notice, the sheriff should not return *nulla bona*, but the fact of the previous allowance of a writ of error. *Cleghorn* v. *Desanges*, 3 Moore's Rep. 83. Service of the allowance is only material to bring the party into contempt, if he afterwards proceed to sue out execution. *Capron* v. *Archer*, 1 Burr. 340.—*Jaques* v. *Nixon*, 1 T. R. 279.—*Thorpe* v. *Beer*, 2 Barnew. and Ald. 374. When the levy is *before allowance*, the sheriff sells the goods, and returns the money into Court to abide the event of the writ of error; for the execution is an entire thing, and cannot be superseded after it is begun; the goods are of a perishable nature, and cannot wait the determination of a suit. *Meriton* v. *Stephens*, supra.—*Cooper* v. *Chitty*, 1 Bl. Rep. 65.—*Blanchard* v. *Myers*, 9 Johns. Rep. 66.—*Kinnie* v. *Whitford*, 17 Johns. Rep. 34. It has been held in *Ohio*, that where the levy is on real estate, the subsequent allowance of a writ of error does not vacate the levy, but stays the proceedings until the writ of error is determined. *Arnold* v. *Fuller*, 1 Hamm. Rep. 450.